**E-FILED on**   11/8/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE MANUEL BEDALLA,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., organized and existing under laws of New York, RECONTRUST COMPANY, N.A., is organized and exists under the laws of the State of Texas,<br><br>    Defendants. | No. 12-cv-02307-RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**[Re Docket No. 9, 24]** |

    Defendant Bank of America, N.A. ("BANA") moves to dismiss plaintiff's complaint under Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff has failed to file a written response to defendant's motion. Having considered the papers submitted, the court finds the matter suitable for disposition without oral argument and vacates the hearing set for November 9, 2012. The court further grants defendant's motion to dismiss under Rule 12(b)(1) with leave to amend.

## I. BACKGROUND

    On May 8, 2012, plaintiff filed his complaint relating to the foreclosure of his property. Plaintiff brings solely state law causes of action against defendants and alleges that defendants

improperly foreclosed because defendants do not possess the original note. Dkt. No. 1 (Compl.) at 4-5. Plaintiff further claims that the deed of trust on his property was invalid because it was transferred to the Mortgage Electronic Registration System ("MERS") as a nominee beneficiary, causing the note on the property and the deed of trust to be separated. *Id*. Plaintiff, a domiciliary of California, asserts that this court has diversity jurisdiction because BANA is a New York citizen and he alleges that defendant ReconTrust, N.A. ("ReconTrust") is a Texas citizen. *Id*. at 1-2. On August 16, 2012, BANA brought the instant motion to dismiss.[1]

## II. ANALYSIS

BANA claims that, contrary to plaintiff's assertions in the complaint, ReconTrust is a California citizen for purposes of diversity jurisdiction, and therefore subject matter jurisdiction does not exist.

Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no defendant party shares citizenship in the same state as the plaintiff. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)). For the purposes of diversity jurisdiction, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. A national banking association is "located" in "the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (construing 28 U.S.C. § 1348).

Here, ReconTrust is a national banking association with its designated main office in Simi Valley, California. Dkt. No. 24-3, Ex. A at 1 (amended articles of association); *see also Rodriguez v. Bank of Am. Corp.*, No. 11-1877, 2012 WL 2375833, at *3 (D. Nev. June 21, 2012) (finding ReconTrust to be a California citizen for purposes of diversity jurisdiction). Accordingly, there is no diversity of citizenship between ReconTrust and plaintiff and, as a result, no subject matter jurisdiction by which this court may act. *See* 28 U.S.C. § 1332; *Wachovia Bank*, 546 U.S. at 307. The court thus dismisses plaintiff's complaint under Rule 12(b)(1) with leave to amend. *See Grupo*

---

[1] The original motion was noticed in front of Magistrate Judge Paul S. Grewal. On September 25, 2012, the matter was reassigned to this court. BANA renoticed the motion on October 5, 2012.

*Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572 (2004) (plaintiff may correct a jurisdictional defect by amending the complaint to dismiss a non-diverse party). Based on this disposition, the court does not reach defendant's Rule 12(b)(6) motion.

### III. ORDER

For the foregoing reasons, the court grants defendant's motion under Rule 12(b)(1) and dismisses the complaint without prejudice, allowing plaintiff 30 days from the date of this order to amend his complaint. Plaintiff's failure to timely file an amended complaint will result in a dismissal of his case with prejudice.

DATED: November 8, 2012

RONALD M. WHYTE
United States District Judge